UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.   )<br>)<br>(1) KENNETH BRISSETTE, and )<br>(2) TIMOTHY SULLIVAN   )<br>) | Crim. No. 16-10137-LTS |

**GOVERNMENT'S PROFFER AND REQUEST FOR A RULING
ON THE REQUIREMENT OF A PERSONAL BENEFIT**

The United States of America, by and through the undersigned Assistant U.S. Attorneys, submits this Proffer and Request for a Ruling on the Requirement of a Personal Benefit. This submission is intended to address the procedural omission the Court noted in its March 19, 2018 Order, Docket No. 204 ("the Order"), by providing a proffer of the evidence the government would present at trial regarding whether the defendants obtained a personal benefit when they directed Crash Line to transfer wages and benefits to members of Local 11. As the government has previously stated, it respectfully submits that the Court has misinterpreted the law in this area, but concedes that the government's evidence, as set forth below, would not establish a personal benefit under this Court's proposed jury instruction.

By providing this proffer, the government believes it has addressed the Court's concerns regarding its ability to issue a final appealable order. Accordingly, pursuant to Fed. R. Crim. P. 12(b)(1), the government respectfully requests that the Court now decide the legal issue of whether "obtaining" has been shown.

1

*Proffer of Evidence*

In the Order, this Court found – once again – that in order to prove a violation of the Hobbs Act, the government must prove beyond a reasonable doubt that the defendants received a personal benefit from the forced transfer of wages and benefits from Crash Line to the Local 11 workers.[1] While the government has represented that it cannot meet its burden with respect to this requirement (and does not believe a personal benefit is a required element of Hobbs Act extortion in any event), this Court has questioned whether it could issue an appealable order without a complete proffer of the government's evidence regarding any personal benefit to the defendants. *See* the Order, at 5 n.5, 6, 12, 13 n. 11, 26. Although the government previously questioned whether such a proffer was necessary, it was not its intent to deprive the Court of the information it believed was necessary to resolve the relevant legal question.[2]

Pursuant to the Order, therefore, the government hereby proffers the evidence it would offer at trial regarding whether the defendants obtained a personal benefit in connection with their efforts to force Crash Line to transfer wages and benefits to Local 11 workers:

---

[1] The government does not have evidence that the defendants took physical possession of, or personally acquired, the wages and benefits paid to the Local 11 workers whom they forced Crash Line to hire. *See, e.g.*, Docket No. 115, at 41. Thus, as the government understands the Court's instruction, only the third theory of "obtaining" outlined in the Court's proposed instruction is relevant here.

[2] It was not until the March 14, 2018 hearing that the government understood the Court's preference for resolving the legal issue presented in the motion to reconsider by having the government proffer its personal benefit evidence. It should also be noted that not all cases making pretrial rulings like the one at issue here appear to require a proffer, rather than a simple concession by the government that it cannot prove an element the district court has stated it would require. *See, e.g.*, *United States v. Weaver*, 659 F.3d 353 (4th Cir. 2011) (addressing district court's legal ruling regarding disputed element based on government's concession that it could not prove element).

- Mayor Walsh enjoyed the support of multiple unions during his campaign for mayor, and some members of his administration assumed that unions would be among his preferred constituents.

- Local 11 Business Agent Colleen Glynn reported to her union members in an email on September 3, 2014 that they secured one crew chief and eight deck hands for the September 2014 Boston Calling Concert, and that "I want you **all** to know we got a ton of help from City Hall.   Starting with the top, Mayor Walsh and his staff members Tim Sullivan & Joe Rull…these folks fought hard for us because Local #11 fought hard for them . . .and we MUST keep supporting them & the political candidates who will keep fighting on the side of labor.   When there is a call to action event Local #11 must send help" (emphasis in original).

- The defendants wanted to avoid any embarrassment that a Local 11 picket and the use of a giant inflatable rat on City Hall Plaza might cause to a defendant and the Walsh administration, especially in light of the June 2014 actions of Teamsters Local 25 members in connection with the filming of Top Chef in Boston and Milton, which actions had garnered press attention and criticism in August 2014.[3]

As the government previously stated, it concedes that, under the Court's view of the relevant law, this evidence will be insufficient to meet the government's burden of proof at trial on the "obtaining property of another" element of the Hobbs Act.

*Request for a Ruling*

Consistent with the Court's prior statements and *United States v. Del Valle-Fuentes*, 143 F. Supp. 3d 24 (D.P.R. 2015), which the Court has cited, the government confirms that it does not object to the Court's reliance on the foregoing proffer to resolve the legal issue of whether this evidence establishes a personal benefit under the Court's proposed instruction.   Moreover, the government states that the public interest would be served by resolving this issue prior to trial, and that deferral of the resolution of this issue would adversely affect the government's right to appeal.   See Fed. R. Crim. P. 12(d).

---

[3] The government conferred with defense counsel before filing this Proffer, and the defendants agree that for purposes of this filing and defendants' anticipated motion to dismiss, the Court may consider the three proffered bullet points.

For these reasons, the government requests that the Court, pursuant to Fed. R. Crim. P. 12(b)(1), in light of this proffer and the government's concession that this evidence would not be sufficient to establish a "personal benefit" under the Court's construction of the law as reflected in its proposed jury instructions, decide the legal issue of whether "obtaining" is shown.

WHEREFORE, pursuant to Fed. R. Crim. P. 12(b)(1), the government respectfully requests that the Court resolve the legal issue of whether "obtaining" has been shown.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/Kristina E. Barclay*
Laura J. Kaplan
Kristina E. Barclay
Assistant U.S. Attorneys
(617) 748-3100

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date below, this document was served on counsel for the defendants by electronic mail.

*/s/Kristina E. Barclay*
KRISTINA E. BARCLAY
Assistant U.S. Attorney

Dated: March 21, 2018