UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
UNITED STATES OF AMERICA       )
                                                )
                    v.                          )        No. 16-cr-10137-LTS
                                                )
KENNETH BRISSETTE and         )
TIMOTHY SULLIVAN,               )
                                                )
                    Defendants.             )
_____)

ORDER OF DISMISSAL

March 22, 2018

SOROKIN, J.

        On March 19, 2018, the Court denied the government's request that it reconsider a

proposed jury instruction provisionally defining what it means to "obtain" property under the

Hobbs Act.  Doc. No. 204.  Two day later, the government proffered the evidence it intends to

present in an effort to prove the defendants "obtained" the property at issue and asked the Court

to "now decide the legal issue of whether 'obtaining' has been shown."  Doc. No. 214 at 1-3.

With the factual proffer, the government repeated its concession that its evidence "would not

establish a personal benefit" under the law as the Court has construed it.  Id. at 1.

Simultaneously, the defendants moved to dismiss the charges against them in light of the

government's concession, the legal arguments set forth in their previous submissions addressing

this issue, and the government's proffer.  Doc. No. 215 at 2-3.  The defendants assert that the

proffered facts are insufficient to establish that they "obtained" the property under the statute.

Id. at 3.  The government "does not object" to dismissal, as long as "whatever appellate rights it

may have" are preserved.  Id. at 1.

In its submission, the government has proffered all of "the evidence it would offer at trial regarding whether the defendants obtained a personal benefit in connection with their efforts to force Crash Line to transfer wages and benefits to Local 11 workers."[1]  Doc. No. 214 at 2-3. Aside from its primary position that no showing of benefit whatsoever is required to prove extortion (even where the property is acquired by a third party, rather than the defendants), the government has articulated no alternative argument—in this submission or at any other time, despite several chances to do so—demonstrating why the facts it has described are sufficient under the law to establish that Brissette and Sullivan "obtained" the property at issue here.

The Court has considered the motion to dismiss in light of the allegations in the charging document, the government's proffered evidence, and the undisputed fact that Local 11 is not now (and never has been) an alleged co-conspirator, nor are any of its members.  Under the Hobbs Act, as enacted by Congress and interpreted by the United States Supreme Court and the Court of Appeals for the First Circuit, the Court concludes the government cannot prove the defendants obtained the property at issue as required.  Accordingly, the request for a ruling and the motion to dismiss (Doc. Nos. 214 and 215) are ALLOWED.

This is an unusual case.  The government has proffered its evidence and requested a pretrial ruling on a dispositive legal question that the parties have substantially explored in briefs and oral argument over the past year.  Resolution of the question now, in this manner—rather than in an unappealable mid-trial ruling—spares the parties, the public, and the Court the time, burden, and expense of a trial, while permitting the government to seek review of the Court's

---

[1] The evidence in the proffer was omitted from the government's trial brief and its motion for reconsideration.  In fact, the third paragraph of proffered evidence had never before been described in any filing or argument to the Court.

legal ruling to the extent the law authorizes an appeal, which is the Court's intent.  These rare

circumstances warrant, as urged by all parties, a pretrial resolution.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge