UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 16-10137-LTS |
| | ) |
| (1) KENNETH BRISSETTE, and | ) |
| (2) TIMOTHY SULLIVAN | ) |
| | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE TESTIMONY CONCERNING THE "LEGALITY" OF CONDITIONING CITY ACTION ON THE USE OF UNION LABOR**

The United States of America, by Andrew E. Lelling, United States Attorney, Laura J. Kaplan and Kristina E. Barclay, Assistant United States Attorneys for the District of Massachusetts, submits this response to the Supplemental Brief in Support of Defendants' Motion *in Limine* to Exclude Testimony Concerning the "Legality" of Conditioning City Action on the Use of Union Labor (Docket No. 242) (Supplemental Brief). Because this Court has already held that the evidence at issue is relevant and admissible, and because the Supplemental Brief presents no argument not already considered by the Court in denying a motion to exclude the very evidence at issue, the Court should deny the instant motion. *See* Order on Defendants' Renewed Motion to Dismiss and Other Pending Motions (the February 2018 Order), Docket No. 192, at 9-11.

In the February 2018 Order, the Court specifically addressed the same evidence at issue in the Supplemental Brief: evidence that Brissette was told in or around the summer of 2014 that it was not permissible to demand a union contract for permitting success. *Id.*, at 9 (citing Third Superseding Indictment, Docket No. 177 ¶¶ 8-15); Docket No. 242, at 1-2. The Court held that the evidence "plainly is relevant to an element the government must prove as to each of the crimes charged: Brissette's willfulness, knowledge, and/or intent." Docket No. 192, at 10. The Court further noted that the evidence "is relevant to establishing and explaining the government's

1

allegation that the defendants' interactions with Crash Line conveyed implicit, rather than explicit, threats to withhold permits."  Citing the same case on which defendants ground their Supplemental Brief, *United States v. DeCicco*, 370 F.3d 206, 210-11 (1st Cir. 2004), the Court further rejected the exact "propensity" argument made in the Supplemental Brief, noting that "the government has identified uses, beyond showing mere propensity, for which Rule 404(b) allows such 'other acts' evidence to be admitted: specifically, Brissette's knowledge, the absence of mistake or accident, and the alleged existence of a common plan during the relevant time period to coerce companies producing events in Boston to hire union workers."  *Id.* (*citing* Docket No. 140, at 5-7.  Finally, the Court declined to exclude the evidence because "on the present record, the Court is not persuaded that the 'Top Chef' evidence fails the balancing test required by Rule 403 as a general matter," and noted that "Brissette's concerns regarding jury confusion and improper or prejudicial consideration of the evidence by jurors can be ameliorated by clear and timely limiting instructions."  *Id.*, at 10-11.

       The evidence the government intends to introduce is highly probative and relevant, as the government has previously argued and the Court previously held.  Accordingly, such evidence should be admitted.

WHEREFORE, for the reasons set forth herein, the government respectfully requests that the Court deny the Motion.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Kristina E. Barclay*
Laura J. Kaplan
Kristina E. Barclay
Assistant U.S. Attorneys
(617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that, on the date below, this document was served on counsel for the defendants by electronic mail.

*/s/ Kristina E. Barclay*
KRISTINA E. BARCLAY
Assistant U.S. Attorney

Dated: May 31, 2019